IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| CLIFFORD ALLEN SMITH #184026 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-06-103 |
| | § | |
| ASSOCIATE JUDGE RATCLIFF | § | |

## REPORT AND RECOMMENDATION

Plaintiff Clifford Allen Smith, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. §1983. Having reviewed Plaintiff's complaint and answers to the Court's interrogatories, this Court makes the following recommendation to the District Court.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). In this case, Plaintiff complains that he was denied due process by Judge Ratcliff during the course of a protective order hearing; the motion was initiated by

Plaintiff's wife. Specifically, Plaintiff believes that because he has tattoos on his arms, Judge Ratcliff exhibited prejudicial bias against him by denying a continuance so that he could research his case; present witnesses; and gather evidence.

The United States Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982). Allegations of bad faith or malice do not overcome judicial immunity, *Mireles v. Waco*, 502 U.S. 9, 11 (1991), nor do allegations of grave procedural errors. *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991). In this case, Plaintiff alleges no fact to suggest that Judge Ratcliff acted without jurisdiction. Judge Ratcliff simply performed perfectly legitimate judicial acts well within the scope of a protective order hearing. Judge Ratcliff is absolutely immune to damages under Section 1983.

For the aforementioned reason, it is the **RECOMMENDATION** of this Court that the instant cause be **DISMISSED as frivolous and for failure to state a claim for which relief can be granted**.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff, who shall have until **July 12, 2006,** in which to have written objections physically on file in the Office of the Clerk. The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ___19th___ day of June, 2006.

John R. Froeschner
United States Magistrate Judge